**Lenora SHEPPARD, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 13, 1976.

Decided Dec. 22, 1976.

See also, Del.Supr., 331 A.2d 142.

P. Clarkson Collins, Jr., Asst. Atty. Gen., Wilmington, for defendant below, appellant.

Arlen Mekler, Asst. Public Defender, Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

McNEILLY, Justice.

The defendant appeals her Superior Court conviction and life sentence, contending her guilty plea to second degree murder (11 Del.C. § 635) * was involuntary because motivated solely by fear of imposition of the then effective, but since held unconstitutional, mandatory death penalty, *State v. Spence,* Del.Supr., 367 A. 2d 983 (1976), for first degree murder (11 Del.C. § 636),** with which she was charged.

I

The defendant, a taxi driver, killed the victim shortly after he threatened her with a knife, refusing to pay his fare. She left the scene of the altercation, but returned with a handgun, and shot the victim. An open knife was found beside the body.

With the concurrence of the State the defendant pled guilty to second degree murder. Before accepting the plea, defense counsel, whose competence is unquestioned, informed the Court of his careful discussions with the defendant. The topics included the mandatory nature of the death penalty following a first degree murder conviction, the defendant's knowledge of her constitutional rights, and the effect of a guilty plea as a waiver of those rights, her admission of the killing, denial of intent to kill and belief that she acted in self defense, and her understanding that on the facts, however, a jury could find her guilty of first degree murder.

II

This Court, following *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.

---

* 11 Del.C. § 635 provides in pertinent part:
  "A person is guilty of murder in the second degree when:
    "(1) He recklessly causes the death of another person under circumstances which manifest a cruel, wicked, and depraved indifference to human life * * *"

** 11 Del.C. § 636 provides in pertinent part:
   "(a) A person is guilty of murder in the first degree when:
     "(1) He intentionally causes the death of another person * * *"

**994**

2d 162 (1970), in *Robinson v. State,* Del. Supr., 291 A.2d 279 (1972), adopted a standard permitting the acceptance of guilty pleas where there is a factual basis for the plea, even if the defendant is unable or unwilling to admit all the elements of the crime, provided it is voluntarily, knowingly, and understandingly made. In *Alford,* a guilty plea was upheld where the defendant pled guilty to a lesser degree of murder in order to avoid the possibility of the death penalty.

Defendant argues that the psychologically coercive impact of the death penalty had a "chilling" effect on the exercise of her constitutional rights, causing her to enter the plea to the lesser offense involuntarily. She also attempts to distinguish *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), where a guilty plea induced by a death penalty subsequently declared to be unconstitutional was upheld as voluntary. We are not persuaded by her arguments.

In the most recent pronouncement by the United States Supreme Court on the question of the voluntariness of guilty pleas, *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the defendant's second degree murder conviction was reversed on the ground that his guilty plea was involuntary because the "intent" element of the offense was not adequately explained to him.

Chief Justice Burger and Justice Rehnquist dissented, asserting that the majority opinion substitutes an "understanding of the elements of the offense" standard for the "voluntary, advised, and understanding the consequences of the plea" standard set forth in *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962). However, Justices White, Stewart, Blackmun and Powell concurred, rejecting the dissent's contention that a new constitutional standard was erroneously applied retroactively, stating that "this case rests on the long-accepted principle that a guilty plea must provide a trustworthy basis for believing that the defendant is in fact guilty." 426 U.S. at 651–652, 96 S.Ct. at 2261, 49 L.Ed.2d at 118.

A plea of guilty is more than a confession; it is itself a conviction by waiver of the accused's privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Brady v. United States,* supra. Before a plea can be considered valid and voluntary, even if entered on the advice of competent counsel in the face of overwhelming evidence of guilt, there must be an intelligent statement by the accused in open court that he is aware of all the essential elements of the offense. *Henderson v. Morgan,* supra.

After reviewing the record, we are satisfied that the *Robinson* and *Henderson* tests have been met in this case and that the defendant's plea was properly accepted by the Trial Court.

Affirmed.