**STATE of Delaware, Plaintiff below, Appellant,**

**v.**

**John M. CASTO and David H. Daudt, Defendants below, Appellees.**

Supreme Court of Delaware.

Submitted Aug. 18, 1976.

Decided May 13, 1977.

Lawrence B. Steele, III, Deputy Atty. Gen., Georgetown, for plaintiff-appellant.

Angelo Falasca, Wilmington, for defendant-appellee John M. Casto.

Randy J. Holland of Dunlap, Holland & Eberly, Georgetown, for defendant-appellee David H. Daudt.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This is the State's consolidated appeal, authorized by 10 *Del.C.* § 9902, from a Superior Court order remanding two cases. to the Justice of the Peace Courts with instructions to permit each defendant to withdraw a guilty plea to a charge of driving under the influence of intoxicating liquor in violation of 21 *Del.C.* § 4177.[1] Defendants had been sentenced to a statutory minimum fine of $200 in one case, and to a statutory minimum fine of $500 and a mandatory term of 60 days imprisonment in the other.[2]

---

1. The order was apparently based on Superior Court Criminal Rule 39 which provides:

 "Where a defendant has sought to assert a constitutional right in a special application to a lower court after a final order in the regular proceeding has been entered by that court and the time for appeal in the regular proceeding has run, the Superior Court will on application of such defendant review the action· of the lower court in connection with such special application, provided the matter raised had not been previously adjudicated as to that defendant in the regular proceeding.

 Each appeal in connection with such special application must be taken within 15 days after the lower court has entered a final order in such special proceeding and shall be accompanied by a complete transcript of all of the proceedings in the court below of the regular proceedings and also of the special application as to which the appeal is taken."

2. Unlike the appeal in *Shoemaker v. State*, Del. Supr., 375 A.2d 431 (1977), decided today, there is not a jurisdictional question concerning judicial review of either case in either the Superior Court or this Court. Both involve motor

## I

We first consider the appeal of defendant John M. Casto. On July 21, 1973 he was arrested for driving under the influence and arraigned four days later. According to the transcript of the Justice of the Peace Court's meager record of the case, Casto "was advised of his rights of election, right to Counsel and effect of a plea of guilty . . . [and] the right to elect to be tried by the Court of Common Pleas." He entered a guilty plea, without counsel, on July 25. Some thirteen days later he was sentenced to pay a fine of $200 and was advised of his right to appeal. Within a few days he paid the fine and court costs. Then, on September 19, an attorney appeared for Casto and moved for leave to withdraw the plea. The State opposed the motion on the ground that it was not timely filed. The next entry in the record transcript states:

"And now to wit: this 27th day of November, A.D. 1973 the Court, having considered the State's Motion, it was ordered . . . Motion Denied . . . by Judge William A. Booth".

On January 18, 1974, a motion was filed by another attorney to vacate the Court's order of November 27, on the ground that defendant's first attorney had been re-tained the day following payment of the fine but, for reasons unknown and unstated, had failed to appear on defendant's behalf until more than a month later. On March 6, the Court denied the motion and defendant appealed to the Superior Court which reversed the ruling below.

## II

Turning now to defendant David H. Daudt, it appears that he had a prior conviction for driving under the influence of intoxicating liquor at the time of his arrest on the present charge. By statute, a second conviction occurring within five years of the first requires a minimum fine of $500.00 and imprisonment for "not less than 60 days nor more than 18 months." 21 *Del.C.* § 4177(a).

Prior to arraignment, Daudt was advised of his rights to counsel, to trial in the Court of Common Pleas and as to the effect of a guilty plea. He signed a waiver in the form stated in the footnote.[3]

Thereafter, Daudt pleaded guilty to the charge and the case was continued for sentencing. On October 1, counsel filed a timely application to withdraw the plea,

---

vehicle offenses for which an appeal to the Superior Court is provided by statute, 21 *Del.C.* § 708, and the appeal to this Court by the State is permitted under 10 *Del.C.* § 9902. We also note that the sentence imposed in each case exceeded the minimum specified in the Constitution for an appeal to this Court by a defendant in a criminal cause. Art. IV § 11(1)(b).

3. The form states in full as follows:

"1. You understand that you have a right to a speedy trial, with the assistance of counsel, which you will waive by your plea of guilty.

2. You understand the nature of the charge(s) against you, and the judge has explained it/them to you.

CHARGES: Driving under influence of alcohol 4176–21

3. You understand that your plea of guilty has not been induced by any promise or representation as to what sentence will be imposed upon you.

4. You understand that your plea of guilty has not been induced by threats or coercion by anyone.

5. You understand the consequences of entering a plea of guilty.

6. You understand that you are seeking voluntarily to enter the plea of your own free will.

7. You understand that, if you have no attorney, you are waiving any right that you would have to counsel by this plea.

8. You understand that you have a right to have this case transferred to the Court of Common Pleas. The judge in that Court is an attorney. He has the authority to suspend a sentence in certain instances. This Court does not have such authority.

Case No. _____

s/ _____ David H. Daudt _____
DEFENDANT

_____ 9/11/74 _____
DATE

TFC Merle S. Shaner, Jr. 3417 (SEAL)
WITNESS

_____(SEAL)"
WITNESS

asserting five grounds listed in the foot-note.[4]

After an evidentiary hearing, the motion was denied on October 17, sentence of a fine of $500 and imprisonment for 60 days was imposed, and defendant appealed to the Superior Court, which reversed the ruling denying his application to withdraw the guilty plea.

### III

The appeals were considered on a consolidated basis in the Superior Court, which reversed on the basis that "substantial constitutional rights were involved which were not properly handled below." Other than this vague reference, the Court did not identify the grounds on which the reversals were ordered. It simply directed that withdrawal of the guilty pleas be permitted, and the State then docketed this appeal.

### IV

The appeals have been submitted to us as companion cases to *Shoemaker v. State, supra*. As in *Shoemaker*, the appeals were stayed pending a decision by the United States Supreme Court in *North v. Russell*, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976).

The parties have argued the Delaware case law governing withdrawal of guilty pleas and the applicable Rules of the Superior Court and the Rules of the Justices of the Peace Court. The State contends that the motions were not timely filed in the latter Court and that the Superior Court did not apply the proper criteria in reviewing the decisions below. Casto argues that the Superior Court had the power of review under 10 *Del.C.* § 542(a), while Daudt contends, *inter alia*, that he was deprived of due process of law because sentence was imposed by a non-lawyer judge. *Gordon v. Justice Court for Yuba Judicial District of Sutter County*, 12 Cal.3d 323, 115 Cal.Rptr. 632, 525 P.2d 72 (1974).

### V

The critical issues in these cases involve, respectively, a guilty plea and a subsequent motion to withdraw it and so we focus on those procedures.

■ Little is to be gained by reviewing the present way or ways in which a guilty plea is taken in a Magistrate's Court. It is sufficient for our purposes to say that the respective records in these appeals reflect procedures in processing which vary with the case, and which are entirely inadequate under current norms of justice, particularly when a jail sentence is imposed. Logically, and in the fair administration of justice, it makes no difference whether such a sentence is imposed by the Superior Court or by a Magistrate; jail is jail no matter at whose hands it is ordered. And when it is grounded upon a waiver of constitutional rights, and that is what a guilty plea is all about, the procedural standards and safeguards required of the higher Court should be no less applicable to the lower.

■ For these reasons, and in the exercise of our supervisory power over judicial proceedings in Justice of the Peace Courts, *Constitution*, Art. IV § 13(1), we hold that the following procedures must be followed

---

**4.** The motion stated as follows:

"(1) At the time the Defendant entered his plea he was not represented by councel [sic] and had not received any instructions from councel [sic].

(2) At the time the Defendant entered the plea, he was tired and excited, having slept almost none of the night before.

(3) The Defendant did not enter his plea knowingly *because at the time the plea was entered he did not fully understand the consequences.*

(4) Since a conviction of violation of 21 Del.C. Section 4176A would result in the au-tomatic suspension of the Defendants [sic] drivers license for one year without a possibility of obtaining a working permit, and further since conviction as a possible second offender would result in mandatory incarseration [sic], the Defendant will suffer irrevocable harm [sic] his plea of guilty is not permitted to be withdrawn.

(5) The Defendant was not advised (a) that he was innocent until proven guilty, (b) that the burden was upon the State to prove him guilty beyond a reasonable doubt, (c) that he had the right to confront and cross examine witnesses against him."

before a Magistrate may accept a guilty plea in any criminal case:

The Justice of the Peace shall determine that such plea is knowingly and intelligently made by direct interrogation of defendant to show that:

(1) The Magistrate has explained the charge to defendant who has made an intelligent statement in open court that he is aware of all the essential elements of the offense.

(2) Defendant understands that he has rights to a speedy trial, to cross-examine the State's witnesses, to present witnesses on his own behalf, and the right to be presumed innocent until proved guilty beyond a reasonable doubt, all of which are waived by a plea of guilty.

(3) Defendant understands the consequences of entering a plea of guilty, including particularly, the possibility of incarceration.

(4) The guilty plea has not been induced by any promise or representation as to what sentence will be imposed, nor by threat or coercion.

(5) Defendant voluntarily enters the plea and is in fact guilty of the charge or, if he is unable or unwilling to admit guilt, that there is a factual basis for the plea.

(6) Defendant understands that by pleading guilty he will waive any right which he may have to appeal a conviction to the Superior Court.

See *Sheppard v. State*, Del.Supr., 367 A.2d 992 (1976); *Brown v. State*, Del. Supr., 250 A.2d 503 (1969).

Such statement of rights and advice shall be given orally by the Magistrate and shall be submitted to defendant in writing for signature. The writing shall be part of the record. It shall contain defendant's acknowledgment that he signed it knowingly and intelligently and that he desires to plead guilty; it shall also contain the Magistrate's signed certification that he has fully explained defendant's rights, as hereinabove set forth, and that he is satisfied that defendant understood the explanation and knowingly and intelligently signed the statement and entered the guilty plea. If defendant refuses to sign the statement, or if after a review of the totality of the circumstances the Magistrate is not fully satisfied that the plea has been both knowingly and intelligently made, the Magistrate shall refuse to accept it and order the case to trial.

Much of what we have said in *Shoemaker* about the waiver in the Magistrate Court of a right to trial in the Court of Common Pleas is pertinent to the acceptance of a guilty plea, and bears repeating here:

"We judicially notice that certain Justice of the Peace Courts are open twenty-four hours each day and that a waiver of the kind here discussed may be offered at any time of the day or night. There is neither a stenographic record of the proceedings nor are they recorded verbatim in any other way. The regularity of the proceedings is critical to a defendant whom more often than not is without counsel; and it is of great importance, also, to a society concerned with how justice is administered in our 'peoples' courts.' Generally speaking, in the interest of the administration of justice, it is always desirable to document the proceedings in the most reliable way; but it is essential to do so when an important right of the defendant essential to the jurisdiction of the Court is being waived. For comparison, we point to the meticulous care which the Superior Court must exercise in taking a guilty plea, under guidelines set forth in *Brown v. State*, Del.Supr., 250 A.2d 503, 505 (1969), all of which must be recorded stenographically. No less care must be exercised in a Justice of the Peace Court when taking a waiver of a right essential to the Court's jurisdiction."

 That same reasoning applies when a Magistrate is asked to accept a guilty plea from a defendant. A guilty plea constitutes a waiver of important constitutional rights, such as the right to a jury trial, the right to confront witnesses, and the right to avoid self-incrimination. Such waiver must

be knowingly and intelligently made and, upon attack, the State has the burden of showing that that was the situation. Accordingly, the best available record of the circumstances under which a self-conviction occurs is, we think, of great importance. For review purposes, at least, all guesswork as to the circumstances of the taking of a guilty plea should be eliminated insofar as may be feasible.

■ For these reasons, we hold that, effective January 1, 1978, the offer of a guilty plea in any criminal case for which a prison sentence is authorized by law may be accepted in a Justice of the Peace Court only if all the proceedings material to that plea are electronically or stenographically recorded. compare *Shoemaker v. State, supra.* In the absence of such recording, a Justice of the Peace may not accept such plea.

■ If a prison sentence of thirty days or more is imposed by the Magistrate, then a typewritten transcript of the waiver proceedings shall be promptly prepared from the recording and filed with the record of the case. Otherwise, the recording shall be preserved in accordance with the Superior Court practices in such matters.

■ In any case in which a prison sentence of thirty days or more is not imposed (and until January 1, 1978 for cases in which such a prison sentence is imposed), a guilty plea may be accepted without such recording, provided that the statement required under the above guidelines is signed by defendant, certified by the Magistrate as hereinabove required, and made a permanent part of the record of the case.

■ In the procedure outlined herein we have not referred to a defendant's right to counsel. If a defendant is not represented, the Magistrate must, before imposing a prison sentence, include in his interrogation appropriate advice and inquiry covering de-

fendant's right to counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).[5] And the Magistrate must determine that any waiver thereof has been knowingly and intelligently made.

■ On appeal or *certiorari* proceedings, the absence in the record of such transcript and/or certified statement shall, *prima facie*, constitute a sufficient basis for reversal and remand with instructions to strike the guilty plea from the record.

## VI

■ Turning now to Casto, his case was considered by the Superior Court not on direct appeal but on review of the denial of his motion to withdraw a guilty plea. Under settled Delaware Law that decision of the Justice of the Peace was reviewable only for abuse of discretion. *State v. Insley*, Del.Supr., 1 Storey 196, 141 A.2d 619, 622 (1958).

■ Considering the circumstances of this case, we think that Casto has established a right to relief under *Insley* for two separate reasons. First, a prison sentence of "not less than 60 days nor more than 6 months" may be imposed for driving under the influence of intoxicating liquor. 21 *Del.C.* § 4177; the record does not disclose that prior to the plea Casto had been advised of the "maximum penalty provided by law for conviction . . . of . . . [the] offense, including, particularly, any provision as to incarceration." *Shoemaker v. State, supra.* Such failure was, in the legal sense, an abuse of discretion. Second, Casto is entitled to the benefit of the holding in this case governing acceptance of a guilty plea and, since the requisite advice was not given nor were the findings made by the Magistrate, the judgment of the Superior Court ordering that the guilty plea be struck was correct.[6]

---

5. In *Argersinger v. Hamlin, supra,* Justice Douglas, writing for the Court said:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

6. Casto is not entitled to relief on the basis of 10 *Del.C.* § 542(a), which provides:

Next, as to Daudt, his sentence was also based on a guilty plea and denial of the motion to withdraw it is reviewable on an abuse of discretion basis. *State v. Insley, supra.* Given the mandatory jail sentence which he faced following a guilty plea and the applicability of the *Shoemaker* guidelines regarding acceptance and recording of a waiver, we conclude that Daudt is entitled to an order permitting him to withdraw his plea. The record shows that more complete advice as to rights was given to him than to Casto, but it was deficient in one significant respect: it failed to include a statement of the "penalty provided by law for conviction of . . . [the] offense, including, particularly, any provision as to incarceration." *Shoemaker v. State, supra.* As we have noted, that was significant because, under 21 *Del.C.* § 4177, Daudt, as a second offender, faced a mandatory prison term of at least sixty days and possibly as long as eighteen months.

The judgment of the Superior Court in each case is affirmed.[7]

"The Superior Court shall have full power and authority to examine, correct and punish the contempts, omissions, neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers within this State."

In *State v. Insley, supra*, this Court held that for § 542(a) "to apply there must be some charge against the officer of contempt, neglect, or default." And since nothing was "charged against the Justice of the Peace who heard . . . [the] case," the Court held that the statute was not applicable. That is precisely the situation in Casto's case and the result is the same: § 542(a) does not apply.

7. This ruling shall apply only to this case, to *Shoemaker v. State*, Del.Supr., 375 A.2d 431 (1977), decided today, and to any other case now on appeal or in which the trial begins after the date of this opinion. Compare *Keys v. State*, Del.Supr., 337 A.2d 18, 20 (1975).