**Kenneth J. FROMAL, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 16, 1979.

Decided Feb. 21, 1979.

George Rohrmann, Asst. County Atty., Newark, for defendant-appellant.

Fred Silverman, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY, McNEILLY, QUILLEN and HORSEY, JJ., constituting the Court en Banc.

DUFFY, Justice:

This is an appeal from the denial by the Superior Court of a motion to withdraw a so-called "Robinson" plea.* The motion was made after Kenneth J. Fromal (defendant) had pleaded guilty to a charge of third-degree burglary and had been sentenced to prison.

The essence of the appeal is that the guilty plea was invalid because (1) a factual basis for the plea had not been established on the record, and (2) defendant did not understand the consequences of the plea.

I

■ Superior Court Criminal Rule 11 governs the acceptance of pleas. It provides specifically that the Court "shall not enter a judgment upon a plea unless it is satisfied that there is a factual basis for the plea." Full compliance with this requirement (and other parts of Rule 11) must be made part of the record at or before sentencing. See *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Brown v. State*, Del.Supr., 250 A.2d 503 (1969). Such a record is essential so that this Court may finally determine whether a defendant has been accorded his rights.

■ Compliance with the "factual basis" requirement of Rule 11 may be shown on the record in any of several ways:

First, the usual way of establishing the factual basis is by a colloquy between the

---

* In *Robinson v. State*, Del.Supr., 291 A.2d 279 (1972), the Court eliminated the requirement that a defendant must admit the actual commission of the offense charged as a prerequisite to acceptance of a guilty plea. Cf. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). By doing so, we adopted the Federal interpretation of Superior Court Criminal Rule 11. See 8 *Moore's Federal Practice* ¶ 11.03[3] (2d ed.) and the 1966 Advisory Committee's Note.

Trial Judge and defendant at the time the plea is offered. See *Santobello v. New York, supra,* 92 S.Ct. at 498; *Brown v. State, supra; State v. Casto,* Del.Supr., 375 A.2d 444, 449 (1977).

Second, the prosecutor may demonstrate the factual basis by stating the facts which the State's evidence would tend to establish. This is commonly done when a Robinson plea is offered but its use is not necessarily limited to that circumstance. See *United States v. Singletary,* 5 Cir., 441 F.2d 333, 335 (1971).

■ Third, the presentence report may provide the necessary factual basis. *McCarthy v. United States, supra,* 89 S.Ct. at 1169. Normally, of course, a presentence report is not prepared until after a plea is offered and/or accepted, but that is not significant because, under the Rule, the factual basis may be established at any time before judgment (i. e., the sentence) is entered upon the plea. If the Court relies on the presentence report to provide the factual basis for a plea, the record should show the specific facts from the report and/or the parts thereof on which the Court relied.

This listing must not be read as a complete catalogue of the possibilities, *Davis v. United States,* 3 Cir., 470 F.2d 1128 (1972). Indeed, Rule 11 contemplates the use of any method appropriate to the case (such as the taking of testimony from an investigating police officer, for example, or the introduction of documents). See 8 *Moore's Federal Practice, supra.* The point is that, however done, the factual basis must be shown on the record, cf. *Santobello v. New York, supra,* 92 S.Ct. 498, at or before sentencing.

II

■ Turning now to this case, after defendant had filed an opening brief, the State waived an answering brief because it had determined that a factual basis for the plea had not been established on the record before sentencing. Since it is undisputed that an essential requirement of Rule 11 has not been met, it follows that the order of the Superior Court must be reversed under a mandate to permit defendant to withdraw his plea of guilty. We do not reach defendant's second contention.

Reversed.