**Curtis S. RAISON, Defendant-Appellant,**

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 28, 1983.

Decided: Dec. 16, 1983.

Thomas D. Barnett, Asst. Public Defender, Dover, for defendant-appellant.

John A. Parkins, Jr., Chief of Appeals Div., Wilmington, for plaintiff-appellee.

Before HERRMANN, C.J., HORSEY and CHRISTIE, JJ.

PER CURIAM:

Defendant, Curtis S. Raison, appeals from Superior Court's summary denial of his *pro se* motion to withdraw his guilty plea and to set aside his conviction of receiving stolen property, a misdemeanor, 11 *Del.C.* § 851, and sentence of two years' incarceration.

While represented by counsel, Raison had pled guilty to the misdemeanor as a lesser-included offense of felony theft, for which he had been indicted. The plea was part of a plea agreement under which the State agreed to *nol pros* a companion charge of burglary in the second degree, a felony; and Raison further agreed to make full restitution to the victim in the amount of approximately one thousand dollars.

Raison's attorney finds no arguably appealable issues; but defendant raises various grounds for vacating his conviction and withdrawing his guilty plea: (a) that his plea was "coerced" by his attorney who was aware of Raison's inability to read or write; (b) that he was instructed by his attorney to say "yes, sir" to any questions of the Court and "not to worry about anything"; (c) that he pled guilty out of fear of likelihood of conviction of felony theft and of then being prosecuted as an habitual criminal; and (d) that he didn't realize he had made a "mistake" until afterwards.

■ A motion to withdraw a plea of guilty rests in the sound discretion of the Trial Court; is reviewable only for abuse of discretion; and when made after sentence will only be granted "to correct manifest injustice." Superior Court Criminal Rule 32(d).[1] The burden of proof for such relief lies with the defendant. *State v. Insley,* Del.Supr., 141 A.2d 619 (1958). For relief to be granted, defendant must establish that his plea was made either involuntarily or under misapprehension or mistake as to his legal rights. *State v. Insley, supra.*

■ It is apparent on the face of the record that the Trial Court complied with the several requirements of Superior Court Criminal Rule 11[2] in the accepting of defendant's plea. Those requirements may be variously met depending on the nature of the plea. Where a *Robinson* plea is entered, proof that there is a "factual basis" for the charge is not established by reason of the nature of the plea. Therefore, a further explicit showing of factual basis is

1. Rule 32(d) provides:
   *Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

2. Rule 11 provides:
   *Pleas.* A defendant may plead not guilty, guilty or, with the consent of the Court, nolo contendere. The Court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the Court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the Court shall enter a plea of not guilty. The Court shall not enter a judgment upon a plea unless it is satisfied that there is a factual basis for the plea.

required. *Fromal v. State,* Del.Supr., 399 A.2d 529 (1979). When a "regular" guilty plea is entered, the factual basis for such plea is most clearly established by a defendant's specific admission in open court that he did what he is charged with doing; and such express admission should be required as the better practice. However, when a guilty plea is entered pursuant to an agreement and the agreement is confirmed in open court, the factual basis for the plea may be established by the plea itself and by the circumstances under which it is taken. That is this case; and under the circumstances here present, the "factual basis" requirement of Rule 11 was satisfied by the manner of Raison's plea.

■ The record also refutes defendant's claim that his plea was involuntarily made or under misapprehension or mistake. The record discloses: (a) that Raison's plea was based on: (1) a written plea agreement entered into between Raison, his attorney, and the Attorney General; and (2) Raison's signed statement detailing his understanding of his *Miranda* rights and waiver thereof (including his right to trial by jury for the felony theft); and (b) an explanation to defendant of the full range of possible sentences for both the original charges as well as the lesser-included offense to which Raison pled. Further, the contents of the agreement were spread on the record in open court and counsel for defendant explained the substance of the plea agreement in defendant's presence in open court. Defendant was also afforded full opportunity to confirm or retract his plea, not only on March 2, 1983 but also on March 31, 1983 at time of sentencing. Yet, defendant did not avail himself of either opportunity to reconsider or withdraw his plea. Thus, the remaining requirements of Rule 11 were satisfied for entry of judgment upon defendant's plea.

■ The record also refutes defendant's claim of "manifest injustice" in the sentencing process—a prerequisite for setting aside a judgment after sentence. Rule 32(d), *supra.* Generally, when a defendant seeks to withdraw a guilty plea, a factual hearing should be held. However, given the record in this case, we find no abuse of discretion in the Court's summary denial of the claim without evidentiary hearing. We refer to the previously detailed record, in particular: (1) defendant's written plea agreement; (2) defendant's signed statement of understanding of his *Miranda* rights and waiver thereof; (3) defendant's representation at time of sentencing and counsel's explanation of defendant's plea in defendant's presence; (4) defendant's failure to seek relief until after sentence was imposed; and (5) the inherent weakness of defendant's reasons for wanting to change his plea.

\* \* \*

Affirmed.