MICHAEL P. HENRY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 370, 2008
Supreme Court of Delaware.
Submitted: November 19, 2008
Decided: January 12, 2009
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice
This 12th day of January 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Michael P. Henry, was charged by indictment with two counts of Rape in the First Degree, one count of Continuous Sexual Abuse of a Child, fourteen counts of Unlawful Sexual Contact in the Second Degree, one count of Unlawful Imprisonment in the Second Degree, and one count of Incest. In exchange for the dismissal of those charges, Henry pleaded nolo contendere to a single lesser-included count of Rape in the Third Degree. He was sentenced to 10 years at Level V, to be suspended after 4 years and successful completion of the Key Program, with the balance of the sentence to be suspended for 1 year at Level IV Crest and 18 months at Crest Aftercare. Henry filed a motion to withdraw his plea, which was denied by the Superior Court. This is Henry's direct appeal.
(2) Henry's counsel[1] has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(3) Henry's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Henry's counsel informed Henry of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the transcript. Henry also was informed of his right to supplement his attorney's presentation. Henry responded with a brief that raises one issue for this Court's consideration. The State has responded to the position taken by Henry's counsel as well as the issue raised by Henry and has moved to affirm the Superior Court's judgment.
(4) Henry raises one issue for consideration by this Court. He claims that his plea, while not coerced, was entered only because his then-counsel failed to investigate his case and uncover any exculpatory evidence. Henry alleges that he has since obtained evidence that places him outside of Delaware during the time of the alleged offenses.
(5) In order to prevail on a claim of ineffective assistance of counsel in the context of a voluntary plea, a defendant must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have entered the plea, but would have insisted on proceeding to trial.[3] In this case, Henry's counsel succeeded in securing an extremely favorable plea bargain for him. There is no indication, as Henry now alleges, that his counsel failed to investigate evidence that would have exonerated him. In fact, during his plea colloquy, Henry conceded that his attorney had "done all he reasonably [could] do" for him. In the absence of any evidence of error on the part of Henry's counsel, much less evidence of error that resulted in prejudice to Henry, we conclude that Henry's claim of ineffective assistance of counsel is without merit.
(6) Henry also claims that he is "actually innocent" of the charge to which he entered his plea. As the basis for that claim, he offers a copy of a letter verifying that he was employed in New Jersey during the relevant period. However, that "evidence" does not exonerate Henry of the charge to which he entered a plea. Moreover, during his plea colloquy, Henry admitted that the State had sufficient evidence to convict him of the charge of third-degree rape. He also admitted that it was in his interest to enter the plea and that his plea was voluntary. In the absence of clear and convincing evidence to the contrary, Henry is bound by the representations he made during his plea colloquy.[4]
(7) This Court has reviewed the record carefully and has concluded that Henry's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Henry's counsel has made a conscientious effort to examine the record and has properly determined that Henry could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Henry's counsel was appointed by the Superior Court to represent him on his motion to withdraw his plea of nolo contendere.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Albury v. State, 551 A.2d 53, 60 (Del. 1988).
[4] Somerville v. State, 703 A.2d 629, 632 (Del. 1997). To the extent that Henry contends that the Superior Court abused its discretion when it denied his motion to withdraw his plea, we also find that claim to be without merit. Raison v. State, 469 A.2d 424, 425 (Del. 1983); Super. Ct. Crim. R. 32(d).