IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL PEREZ, | § | |
| | § | |
| Defendant Below, | § | No. 390, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1807009079 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 1, 2021[1]
Decided: March 26, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Daniel Perez, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61.[2]  The State of Delaware has filed a motion to affirm the judgment below on

---

[1] The motion to affirm was filed on December 16, 2020 but was held in abeyance pending preparation of the transcript of the guilty plea colloquy.  The transcript was filed with the Court on February 1, 2021.

[2] *State v. Perez*, 2020 WL 6561590 (Del. Super. Ct. Nov. 2, 2020).

the ground that it is manifest on the face of Perez's opening brief that his appeal is without merit. We agree and affirm.

(2) In September 2018, a grand jury indicted Perez for multiple drug offenses. The charges arose from drugs found during a traffic stop. On November 14, 2018, Perez filed a motion to suppress the drugs found during the traffic stop. Perez subsequently retained new counsel to represent him. During a December 20, 2018 office conference, Perez's counsel requested postponement of the suppression hearing pending a potential guilty plea.

(3) On February 26, 2019, Perez pled guilty to drug dealing tier 4 (cocaine) and drug possession tier 4 (heroin). The parties recommended a total sentence of forty years of Level V incarceration, suspended after three years and six months for Level III probation. The Superior Court accepted the parties' recommendation and sentenced Perez as follows: (i) for drug dealing, twenty-five years of Level V incarceration, suspended after three years and six months for eighteen months of Level III probation; and (ii) for drug possession, fifteen years of Level V incarceration, suspended for eighteen months of Level III probation. Perez did not appeal the Superior Court's judgment.

(4) On November 4, 2019, Perez filed a timely motion for postconviction relief under Superior Court Criminal Rule 61. Perez argued that: (i) he had a right to review all of the materials leading to his convictions; (ii) his counsel was

2

ineffective for failing to file a motion to suppress; (iii) the traffic stop and ensuing search of his car and person violated the Equal Protection Clause and were illegal; and (iv) his sentence should be reviewed under recently enacted legislation. Perez also filed a motion for appointment of counsel, which the Superior Court denied.

(5) On November 27, 2019, Perez filed a supplemental memorandum in support of his motion for postconviction relief. In addition to supplementing his existing claims, he added new claims alleging that the police failed to give him a *Miranda* warning and that he was entitled to a *Franks* hearing to challenge false statements made by the police. On September 28, 2020, Perez filed a motion to amend and retract his postconviction claim regarding review of his sentence to request investigation by the newly created Division of Civil Rights and Public Trust in the Department of Justice. The Superior Court granted Perez's motion to amend and retract.

(6) On November 2, 2020, the Superior Court denied Perez's motion for postconviction relief.[3] The Superior Court concluded that Perez's claim for materials leading to his conviction was moot because he had received those materials, his ineffective assistance of counsel claim was without merit, and the request for investigation by the Division of Civil Rights and Public was not

---

[3] *Id.*

3

enforceable by the Superior Court.[4] The Superior Court held that Perez's remaining claims were barred by Rule 61(i)(3).[5] This appeal followed.

(7)     In his opening brief, Perez argues that his counsel was ineffective for failing to file a motion to suppress, the traffic stop and search violated the Equal Protection Clause and were illegal, the police failed to give him *Miranda* warnings, and he was entitled to a *Franks* hearing to challenge false statements made by the police. He also questions why the Superior Court did not request a response from the State or his trial counsel to his postconviction motion. Perez abandons his claims concerning his need for materials leading to his conviction and an investigation by the Division of Civil Rights and Public Trust.

(8)     This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[6] The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[7]

(9)     As the Superior Court recognized, the Rule 61 procedural bars did not apply to Perez's ineffective assistance of counsel claim. To support a claim of ineffective assistance of counsel, Perez had to show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable

---

[4] *Id.* at *3-4.
[5] *Id.* at *2.
[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

probability that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on going to trial.[8]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]

(10)  Contrary to Perez's contentions, his counsel did file a motion to suppress based on the allegedly illegal search and seizure of his car and person during a traffic stop.  Perez ultimately chose to plead guilty instead of pursuing the motion to suppress.  A knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea (except a lack of subject matter jurisdiction), including those of constitutional dimensions.[10]  Perez does not challenge any aspect of his guilty plea or guilty plea colloquy with the Superior Court. Given the multiple charges and decades of potential imprisonment Perez faced, the guilty plea, which included a sentencing recommendation of no more than three years and six months of non-suspended Level V time, clearly benefitted him. Perez has failed to show that his counsel's representation fell below an objective standard of reasonableness or that he would have insisted on going to trial.

(11)  As to Perez's remaining claims, the Superior Court did not err in finding those claims barred by Rule 61(i)(3).  Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction

---

[8] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[9] *Albury*, 551 A.2d at 59 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1988)).

[10] *State v. Casto*, 375 A.2d 444, 449 (1977).

is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from a violation of the defendant's rights. To establish cause, the movant must ordinarily demonstrate that an external impediment prevented counsel from constructing or raising the claim.[11] Perez raised some of the claims concerning the traffic stop in his motion to suppress, but chose to plead guilty instead of pursuing the motion to suppress.[12] He made no effort to satisfy the cause and prejudice prongs of Rule 61(i)(3). Nor did he invoke any exceptions to the procedural bars under Rule 61(i)(5) and 61(d)(2).[13] In addition, by pleading guilty, Perez waived his claims relating to the traffic stop.[14]

(12) Finally, the Superior Court did not err in choosing not to request a response from the State or Perez's counsel to the postconviction motion. This Court has expressed a preference for the Superior Court to obtain defense counsel's affidavit in response to ineffectiveness claims in a first postconviction motion, but has not held that such an affidavit is required in all instances.[15] In denying the

---

[11] *Younger*, 580 A.2d at 556.
[12] *See, e.g., Benge v. State*, 945 A.2d 1099, 1102 (Del. 2008) (affirming the Superior Court's conclusion that the claim relating to violation of plea agreement was barred by Rule 61(i)(3) because the claim was not raised on direct appeal).
[13] Super. Ct. Crim. R. 61(i)(5) (providing that procedural bars of Rule 61(i)(1), (2), (3), and (4) do not apply to claim of lack of subject matter jurisdiction or claim that satisfies Rule 61(d)(2)); Super. Ct. Crim. R. 62(d)(2) (requiring movant to plead with particularity that there is new evidence creating a strong inference of actual innocence or that a new rule of constitutional law applies retroactively and renders the conviction invalid).
[14] *See supra* n.10.
[15] *Horne v. State*, 887 A.2d 974, 975 (Del. 2005) (expressing preference for Superior Court to obtain trial counsel's affidavit in response to allegations of ineffective assistance of

postconviction motion, the Superior Court stated that it was not requesting a response from the State or affidavits from Perez's counsel "[g]iven the clarity of the record."[16] This was not an abuse of discretion in light of Perez's claim that his counsel was ineffective for failing to file a motion that the record revealed counsel had in fact filed.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

counsel). *See also* Super. Ct. Crim. R. 61(g)(2) ("If the motion alleges ineffective assistance of counsel, the judge *may* direct the lawyer who represented the movant to respond to the allegations.") (emphasis added).

[16] *Perez*, 2020 WL 6561590, at *4.