# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) **Crim. ID No. 1607021543**
) **Cr. A. Nos. IN16-08-0863-0864**
DURRION MORRISON, )
Defendant )

Submitted: March 20, 2025
Decided: May 19, 2025

*Upon Defendant Durrion Morrison's*
*Motions for Correction of Sentence and Appointment of Counsel,*
**DENIED**.

## **ORDER**

This 19th day of May, 2025, upon consideration of the Defendant Durrion Morrison's Motion to Correct an Illegal Sentence (D.I. 73) and accompanying request for appointment of Rule 35(a) counsel (D.I. 74), and the record in this matter, it appears to the Court that:

(1)    In August 2016, Durrion Morrison was indicted for two counts of first-degree murder (alleging intention and felony murder), one count of attempted first-degree robbery, three counts of possession of a firearm during the commission of a felony (PFDCF), one count of second-degree conspiracy, and one count of possession of a firearm by a person prohibited.[1]

---

[1]    D.I. 1 (Indictment).  Mr. Morrison's codefendant was named in certain of these counts, while Mr. Morrison appeared alone in others.

(2)     Days before his scheduled trial, Mr. Morrison pleaded guilty to a reduced charge of second degree murder and a single PFDCF count.[2]  At that proceeding he unequivocally admitted to committing those two separate crimes.[3]  And Mr. Morrison acknowledged that he faced:  (a) a sentence ranging from 15 years to life imprisonment for the murder count; and (b) a sentence ranging from 3 to 25 imprisonment for the PFDCF count.[4]

(3)     Mr. Morrison was sentenced several months later as follows:  for the murder in the second-degree count—25 years at Level V, suspended after he serves 17 years imprisonment, for two years of intensive community supervision at Level III; for the PFDCF count—3 years at Level V.[5]  And as required, his two terms of unsuspended incarceration were ordered to be served consecutively.[6]

(4)     In Mr. Morrison's view, his sentence is "illegal" and in need of correction under the Court's Criminal Rule 35(a) because "[a]t sentencing, the Court imposed a 3-year sentence for PFDCF, despite the State never

---

[2]   D.I. 29 (Plea Agreement).

[3]   Nov. 3, 2017 Plea Hrg. Tr. at 8-9 (D.I. 50).

[4]   *Id*. at 8.

[5]   D.I. 40 (Sentencing Order).

[6]   *Id*.; DEL. CODE ANN. tit. 11, § 3901(d) (2015) (providing that Level V terms for second-degree murder and PFDCF could not, under then-extant law, be imposed to be served concurrently either with each other or with any other sentence of confinement imposed).

presenting evidence of a firearm."[7]  According to Mr. Morrison, the Court must vacate his PFDCF sentence and resentence him.[8]

(5)  Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[9]  Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed:  exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[10]

(6)  Mr. Morrison is simply incorrect on the law he argues in his Rule 35(a) motion.  *First*, the factual basis for Mr. Morrison's PFDCF conviction and sentence was clearly established by his specific admission in open court that he did what he was charged with doing[11]—*i.e.* possessing a firearm during the murder.[12]  That plea relieved the State of any duty to present any evidence at all.[13]  *Second*, the baseline statutory minimum for PFDCF is

---

[7]  Def. Rule 35(a) Mot., at 1 (D.I. 73).  Mr. Morrison makes no claim as to his murder sentence, so it is not further addressed here.

[8]  *Id.* at 2 ("Defendant respectfully requests that this Court correct the illegal sentence by vacating the 3-year sentence for PFDCF. . .  Defendant respectfully requests that this Honorable Court grant this Motion and correct the illegal sentence imposed for PFDCF.").

[9]  Super. Ct. Crim. R. 35(a) ("*Correction of sentence. --* The court may correct an illegal sentence at any time . . .").

[10]  *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[11]  *Evans v. State*, 2000 WL 1727314, at *2 (Del. Nov. 15, 2000) (citing *Raison v. State*, 469 A.2d 424, 425-26 (Del. 1983)).

[12]  Nov. 3, 2017 Plea Hrg. Tr. at 8-9.

[13]  *See Hopkins v. State*, 2023 WL 8296427, at *2 (Del. Dec. 1, 2023) (explaining that, among other things, one's knowing, intelligent, and voluntary guilty plea waives his claim

-3-

a three-year term of imprisonment[14]—the very sentence Mr. Morrison received for that count.[15] So while in his most recent prayer for sentencing relief, Mr. Morrison has joined chorus with so many other sentenced inmates incanting the United States Supreme Court decision in *Erlinger v. United States*,[16] *Erlinger* can lend no voice here because his PDFCF sentence wasn't enhanced in any way on either the minimum or maximum end.

(7) In sum, there is no illegality in the substance of Mr. Morrison's sentence. He is due no relief under this Court's Criminal Rule 35(a), so that motion is **DENIED**. And because, as just explained, he is manifestly ineligible for Rule 35(a) relief, there was no need to appoint counsel to pursue his futile effort to seek it.[17]

---

regarding the sufficiency of the State's evidence).

[14] DEL. CODE ANN. tit. 11, §§ 1447A(c) and 4205(b)(2) (2015) (PFDCF is a class B felony carrying a "minimum sentence of 3 years" and ceiling of "up to 25 years to be served at Level V.").

[15] Sent. Order, at 1-2; Feb. 16, 2018 Sentencing Tr. at 22-23 (D.I. 48).

[16] *See State v. Archy*, 2025 WL 1330215, at *2 (Del. Super. Ct. May 7, 2025) (noting that movant "is aware—as apparently every other inmate in Delaware is—that the U.S. Supreme Court issued an opinion in *Erlinger v. United States* [602 U.S. 821 (2024)] concerning judicial fact finding in the context of enhanced sentencing regimes. . . . That opinion has triggered a virtual blizzard of *pro se* pleadings from inmates seeking relief from their long-ago sentences").

[17] *See, e.g.*, *Clark v. State*, 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) (explaining that this Court does not err by denying appointment of counsel when it is clear on the record that an inmate is ineligible for sentencing relief); *State v. Rowan*, 2022 WL 896260, at *3 (Del. Super. Ct. Mar. 28, 2022) ([T]he Court need not appoint [movant] counsel to pursue a futile application for relief."); *State v. Chambers*, 2023 WL 8615791, at *3 (Del. Super. Ct. Dec. 13, 2023) ("[T]he Court need not enlist ODS to pursue an application for [sentencing] relief that is going nowhere.").

**SO ORDERED,**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Durrion Morrison, *pro se*
     John W. Downs, Deputy Attorney General