IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMAULL BOND, | § | |
| | § | No. 192, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1902014233 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: October 2, 2025
Decided: December 12, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     On April 29, 2024, the appellant, Jamaull Bond, pleaded guilty to one count of continuous sexual abuse of a child and three counts of dealing in child pornography. In exchange for his guilty plea, the State dismissed the remaining twenty-eight counts in the grand jury's indictment and agreed to cap its sentencing recommendation at eight years (the minimum-mandatory sentence) of unsuspended

Level V time. As agreed by the parties, the court ordered a presentence investigation report.

(2) Before sentencing, Bond, with the assistance of trial counsel, moved to withdraw his guilty plea, claiming that his guilty plea was not knowing and voluntary because trial counsel put "tremendous pressure" on him to take the plea and because the medication he was taking affected his ability to comprehend the plea proceedings.[1] Because Bond's motion called into question trial counsel's performance, trial counsel moved to withdraw. The Superior Court granted trial counsel's motion to withdraw and appointed conflict counsel to represent Bond. After reviewing the plea colloquy transcript, conflict counsel also moved to withdraw, advising the court that he could not ethically advocate for Bond's motion to withdraw his guilty plea. Following a hearing, at which Bond appeared *pro* se and addressed the court, the Superior Court denied Bond's motion, finding that he had "fail[ed] to meet his burden of providing a fair and just reason for withdrawing his guilty plea."[2] On April 4, 2025, the Superior Court sentenced Bond to a total of eight years of unsuspended incarceration, followed by decreasing levels of supervision. This is Bond's direct appeal.

---

[1] App. to Opening Br. at A212-A217.
[2] *State v. Bond*, 2025 WL 428569, at *4 (Del. Super. Ct. Feb. 3, 2025).

2

(3) Bond's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a conscientious review of the record and the law, he has concluded that this appeal is wholly without merit. In his statement filed under Rule 26(c), counsel states that he informed Bond of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Bond of his right to supplement his attorney's presentation. Bond has raised issues for the Court's consideration, which counsel attached to his Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[3] Second, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(5) Bond essentially makes two arguments on appeal: (i) the Superior Court failed to determine whether there was a factual basis for his guilty plea; and (ii) he did not voluntarily plead guilty. Both arguments are unavailing.

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson*, 488 U.S. at 82.

(6) Before it enters a judgment on a guilty plea, Superior Court Criminal Rule 11 requires the court to make an inquiry as to whether there is a factual basis for the plea.[5] "[T]he factual basis for [a guilty] plea is most clearly established by a defendant's specific admission in open court that he did what he is charged with doing…."[6] That is precisely what happened here: the Superior Court read each charge and its elements to Bond and asked him (i) if he understood the charge and (ii) if he was guilty of that offense. As to all four offenses, Bond responded in the affirmative to both questions. Nothing more is required; a defendant need not "confess" to specific factual findings as he alleges. Moreover, the circumstances under which Bond pleaded guilty—just before jury selection on the morning of trial under an agreement proposed by Bond's defense team, the terms of which Bond acknowledged in open court—bolster the Superior Court's finding that there was a factual basis for the plea.[7]

(7) Turning to Bond's second argument, a review of the plea paperwork and the transcript of the plea colloquy belies Bond's claim that his plea was not voluntarily made. On the Truth-in-Sentencing Guilty Plea Form, Bond: (i) denied

---

[5] Del. Super. Crim. R. 11(f) ("Notwithstanding the acceptance of a plea of guilty or nolo contendere, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the judgment.").

[6] *Raison v. State*, 469 A.2d 424, 426 (Del. 1983).

[7] *See id.* ("[W]hen a guilty plea is entered pursuant to an agreement and the agreement is confirmed in open court, the factual basis for the plea may be established by the plea itself and by the circumstances under which it is taken.").

that he was under the influence of alcohol or drugs, (ii) admitted that he had freely and voluntarily decided to plead guilty to the listed charges, (iii) acknowledged that no one had promised him anything not stated in the written plea agreement, (iv) agreed that no one had threatened or forced him to plead guilty, and (v) averred that he was satisfied with trial counsel's representation. Bond reaffirmed those representations during the plea colloquy. Absent clear and convincing evidence to the contrary, Bond is bound by the answers he provided to the court during the plea colloquy and on the plea paperwork.[8] Finally, we note that Bond received a substantial benefit from pleading guilty—had Bond gone to trial and been found guilty as charged, he faced a sentence between twenty-two and three hundred years in prison. Instead, Bond received the eight-year minimum-mandatory sentence contemplated by the plea agreement.

(8) The Court has reviewed the record carefully and has concluded that Bond's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Bond could not raise a meritorious claim on appeal.

---

[8] *Somerville v. State*, 703 A.3d 629, 632 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  Counsel's motion to withdraw is moot.


BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice